UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL ANDREW KINCHLOE,

    Petitioner,

v.

    CIVIL CASE NO. 02-CV-73140-DT
    HONORABLE PATRICK J. DUGGAN
    UNITED STATES DISTRICT JUDGE

GEORGE PENNELL,
    Respondent,
_____/

## OPINION

Paul Andrew Kinchloe ("Petitioner"), presently incarcerated at the Baraga Maximum Correctional Facility in Baraga, Michigan, has filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his Petition, filed *pro se,* Petitioner challenges his conviction for one count of delivery or manufacture of less than fifty grams of cocaine. For the reasons stated below, the Petition for Writ of Habeas Corpus is **DISMISSED** pursuant to 28 U.S.C. § 2244(d)(1).

### I. Background

Petitioner was convicted, on his plea of guilty, in the Oakland County Circuit Court on September 26, 1988 of one count of delivery or manufacture of less than fifty grams of cocaine. Petitioner was apparently sentenced to four to twenty years in prison on November

28, 1988.[1] According to Petitioner, he did not file a direct appeal from his conviction. However, on or about September 19, 1996, Petitioner filed a post-conviction motion for relief from judgment with the Oakland County Circuit Court, which was denied on October 22, 1996. *People v. Kinchloe*, 88-83858-FH (Oakland County Circuit Court, October 22, 1996)(attached as "Appendix C" to Petition). Petitioner did not seek further appellate review of his post-conviction motion. The instant Petition was signed and dated on July 20, 2002.[2] On August 1, 2002, Petitioner was ordered to show cause why his habeas Petition should not be dismissed for failing to comply with the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1). On August 23, 2002, Petitioner filed a response to the Order to Show Cause.

## II. Discussion

In his Response to the Order to Show Cause, Petitioner does not argue that his Petition is timely, but rather argues that the limitations period should be equitably tolled. Petitioner asserts he did not seek further review of his state collateral attack due to the state trial court and prison officials "misinforming" him that "he was not in prison on the judgment under collateral attack."[3] (Pet'r's Resp. at 1).

---

[1] *See* Offender Tracking Information System-Offender Profile, attached as Appendix B to the Petition for Writ of Habeas Corpus.

[2] Under the prison mailbox rule, this Court will assume that Petitioner actually filed his habeas Petition on July 20, 2002, the date that it was signed and dated, despite the existence of some evidence that it may have been filed later with this Court. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, fn. 1 (E.D. Mich. 2001).

[3] Petitioner is currently incarcerated in the Michigan Department of Corrections for an unrelated conviction out of the Wayne County Circuit Court for two counts of first-degree murder, two counts of felony-

2

On September 16, 1994, Petitioner filed a request with the Oakland County Circuit Court for a copy of the court file and his transcripts. (*See* "Appendix A" attached to Pet'r's Resp.). On October 4, 1994, the Oakland County Circuit Court denied Petitioner's request. (*See id*). In this order, the trial court indicated that an officer at the Alger Maximum Correctional Facility had informed the court that Petitioner was no longer incarcerated "on this case." (*See id*).

Petitioner did not file his motion for relief from judgment until September 19, 1996, which was denied on October 22, 1996. The denial was based on the merits, not on Petitioner not being incarcerated for the offense in question. (*See* "Appendix C" to Pet.). Petitioner claims that he filed this motion to determine whether he was, in fact, still incarcerated for this offense. Petitioner asserts that on March 16, 2002, he asked a family friend to search the Internet and obtain a copy of his prison status, and that this is when he realized "he had been misinformed by the court and prison officials[.]" (Pet'r's Resp. at 2).

The one year limitations period under 28 U.S.C. § 2244(d)(1) is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001). In *Dunlap,* the Sixth Circuit indicated that five factors should be used to determine whether it would be appropriate to equitably toll the statute of limitations in a habeas case:

---

firearm, and two counts of disinterment. *See* Appendix B, attached to the Petition for Writ of Habeas Corpus.

3

    (1) the petitioner's lack of notice of the filing requirement;
    (2) the petitioner's lack of constructive knowledge of the filing requirement;
    (3) diligence in pursuing one's rights;
    (4) absence of prejudice to the respondent; and
    (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.* at 1008.

The Sixth Circuit also noted that the doctrine of equitable tolling should be used "sparingly." *Id.* at 1008-1009. The Sixth Circuit concluded that "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition", the petitioner in *Dunlap* failed to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at p. 1010. The burden is on a habeas petitioner to show that he or she is entitled to equitable tolling. *See id.*

Petitioner argues that the five factor test is satisfied in this case because "factor five is totally applicable to petitioners [sic] position and the court should utilize factor five's application to petitioners [sic] showing of cause." (Pet'r's Resp. to Order to Show Cause at 3). The Court is not persuaded that Petitioner's apparent misapprehension regarding his incarceration on the offense in question establishes "reasonableness in remaining ignorant of the legal requirement for filing his claim." *Dunlap*, 250 F.3d at 1008.

After Petitioner "learned" from the Oakland County Circuit Court that he was "not incarcerated on this case," he pursued his collateral attack in state court. This collateral attack was denied by the court for lack of merit. Petitioner has not given any explanation why he failed to appeal the denial of this collateral attack, pursue any other remedies, or try

to ascertain the status of his incarceration in regard to the offense in question for more than five-years between the denial of his collateral attack and the filing of his habeas Petition. In this Court's opinion, Petitioner's lack of diligence in pursuing the matter shows his ignorance of any legal requirements for filing his claim was not reasonable. Therefore, the Court will not equitably toll the period of limitations for the instant Petition.

    A Judgment consistent with this Opinion shall issue forthwith.

DATED: NOV 13 2002

HON. PATRICK J. DUGGAN
UNITED STATES DISTRICT COURT

Copy:
Paul Andrew Kinchloe

5